IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

ROBERT MATTHEW EVANS,

    Plaintiff;

vs.

    Case No.: _____

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Robert Matthew Evans (hereinafter "**Plaintiff**" or "**Mr. Evans**"), by and through his attorneys, and for his Complaint against Defendant, Unum Life Insurance Company of America (hereinafter "**Defendant**" or "**Unum**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this matter is based on 28 U.S.C. § 1332 (federal court "diversity jurisdiction"). Plaintiff is currently a resident of the State of Alabama. Upon information and belief, Defendant is an entity formed and organized under the laws of, and with headquarters/principal place of business in, State(s) other than Alabama. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 as a substantial part of the events, transactions, and occurrences material to his claim(s) took place within the Eastern District of Tennessee.

## RELEVANT PARTIES

3.  Mr. Evans was an employee of the Tennessee Valley Authority (hereinafter "**TVA**"). He worked as an electrician (electrician apprentice); however, due to his established disability, he last worked there on or about 11/08/2022.

4.  As an incident to his employment, Mr. Evans enrolled, or was enrolled, in TVA's Long Term Disability ("LTD") Plan and corresponding group insurance policy (**Policy No.: 38944 001**) (hereinafter the "**Plan**" and the "**Policy**," respectively).

5.  At all times relevant hereto, upon information and belief, TVA was the plan sponsor and plan administrator for the Plan; as well as the Policyholder under the Policy.

6.  At all times relevant hereto, Unum was the underwriter, provider of benefits, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy. Here, it is apparent on the face of the record and therefore alleged that Unum has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits.

7.  At the times relevant hereto, Unum acted as agent for the Plan and for plan sponsor/plan administrator TVA.

8.  Under the Plan and/or Policy, TVA delegated or assigned to Unum the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

9.  At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of sickness or injury as set forth under the Plan/Policy.

10. The Policy defines Disability or Disabled as follows:

> You are disabled when Unum determines that:
>
> - you are limited from performing the material and substantial duties of your own occupation due to your sickness or injury; and
> - you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.
>
> After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.
>
> You must be under the regular care of a physician in order to be considered disabled.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

## STATEMENT OF FACTS

11. Plaintiff realleges and reavers paragraphs 1 through 10 of the Complaint, incorporating them by reference herein as if specifically restated.

12. Plaintiff is currently 37 years old, and his date of birth is in August, 1988.

13. As stated, Plaintiff worked for TVA as an electrician (electrician apprentice). He earned annual wages or compensation of approximately $52,000.00.

14. Owing to his established medical disability, as stated, Mr. Evans last worked for TVA on or about 11/08/2022.

15. The basis for Plaintiff's disability revolves around his documented diagnosis of hypermobility Ehlers-Danlos Syndrome (EDS), a chronic condition that causes severe joint instability, chronic pain, and systemic inflammation; and the symptoms and complications from which significantly impair both his daily functioning and ability to work. Specific symptoms include, without limitation: chronic joint instability, weakness and pain, arthralgia, chronic gastrointestinal issues including abdominal pain, recurrent hernias, circulatory and neurological issues including tachycardia, and cognitive deficits including brain fog and lack of focus due to

pain. As far as joint instability/pain, Plaintiff has particular problems with his left shoulder, which will frequently dislocate, even during low-impact activities such as sitting for an x-ray; however, his condition has been deemed too severe for surgical intervention by multiple surgeons. As far as circulatory/neurological issues, Plaintiff experiences persistent numbness and pain on his entire left side. Since the onset of his illness, he has had approximately 20 emergency-room (ER) visits. He has also undergone five abdominal surgeries. Unfortunately, although he has undergone numerous medical procedures, multiple scans and tests, and multiple medication trials, nothing has significantly alleviated his symptoms. Plaintiff also suffers from Chiari malformation, bipolar disorder, anxiety and depression.

16. Based on his employment at TVA, Mr. Evans was eligible and applied for LTD benefits through Unum. *See*, Unum Claim No.: 22922361. LTD benefits were, in fact, awarded and paid to Plaintiff from approximately 5/8/2023 to 5/8/2025.

17. However, LTD benefits were then terminated and not paid from 5/9/2025 forward.

18. The initial LTD denial/termination letter from Unum was dated 4/25/2025.

19. Despite due appeal(s) by or on behalf of Plaintiff, Unum has continued to deny further LTD benefits. A final denial/termination letter from Unum was dated 8/12/2025, followed by another such letter dated 10/3/2025.

20. To the extent that exhaustion of administrative remedies or internal appeal(s) was required by the terms of the Policy and/or law, Plaintiff has satisfied and completed same. *See*, Unum Claim No.: 22922361.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical provider(s), who have confirmed his continuing inability to work.

24. Also, Mr. Evans has been found to qualify for Social Security disability (SSDI) benefits by the Social Security Administration. *See*, SSA Benefit Verification Letter dated 12/2/2025, reflecting a disability onset date of 4/30/2022. The SSDI award – representing an independent, freestanding determination by the federal government -- is persuasive evidence of disability here, and documentary evidence of same should be added to the record (Administrative Record) maintained by Unum and available to the Court in adjudicating this matter.[1]

25. The position taken by Unum in denying this claim, viewed against the entire record as properly constituted, cannot withstand judicial scrutiny. The "Any Gainful Occupation" review, analysis and decision by Unum were wrong and a breach of contract (the Policy).

26. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. He is also entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

---

[1] Since the final denial letter from Unum was dated 10/3/2025, documentary evidence of the recently-awarded SSDI benefits is not currently part of the record below (Administrative Record). However, Plaintiff reserves the right to move the Court to supplement the record here; or alternatively (at the very least), such information could be made part of the record if this case were remanded to Unum by the Court for further administrative review

27. Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

28. Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29. Plaintiff makes claim for all permissible damages and relief based on breach of contract. This is based on the contract for LTD benefits between Defendant Unum and TVA (of which Plaintiff was an intended third-party beneficiary, *i.e.*, Plan beneficiary) and/or the contract for LTD benefits between Unum and certain TVA employees (including Plaintiff). Defendant Unum has failed, and refuses as of today, to pay to Plaintiff under said contract(s) all of the LTD benefits to which he is entitled and upon which he relied upon receiving. Defendant Unum has also breached the covenant/duty of good-faith and fair dealing that accompanied said contract(s).

30. Plaintiff also makes claim against Unum for all permissible damages and relief based on Tenn. Code Ann. § 56-7-105 -- bad faith failure to pay on an insurance policy.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter a money judgment in Plaintiff's favor and against Defendant, based on the common-law and statutory causes of action under state law alleged above; said money judgment to be in an amount sufficient to compensate Plaintiff fully for all actual, contractual, compensatory, consequential, incidental, and/or extra–contractual damages, injuries, losses and expenses caused by or due to Defendant's wrongful conduct; all as allowable under law and subject to the proof;

B. That the Court award to Plaintiff his attorney's fees and/or costs/expenses of suit pursuant to Tenn. Code Ann. § 56-7-105;

C. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and causes of action alleged above, and consistent with the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[2] and post-judgment interest[3] on all amounts awarded or to be awarded;

D. That the Court order (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits paid and to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

E. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

F. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or

---

[2] *Cf., Curtis v. Lincoln Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest applicable in analogous ERISA context).

[3] *See*, 28 U.S.C. § 1961.

otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Respectfully Submitted,

**CODY ALLISON & ASSOCIATES, PLLC**

*/s/ Samuel D. Payne*
K. Cody Allison, BPR No. 20623
Samuel D. Payne, BPR No. 19211
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com